IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CAROLYN BYRAM,

    PLAINTIFF,

v.                                        CASE NO. CV-97-J-435-NW

MUSCLE SHOALS BOARD
OF EDUCATION, SAM BREWER,

    DEFENDANTS.

SAM BREWER,

    THIRD-PARTY PLAINTIFF

v.

MUSCLE SHOALS BOARD
OF EDUCATION,

    CROSS-DEFENDANTS,
and
JIM DOUGLAS, et al.,

    THIRD-PARTY DEFENDANTS.

                                          consolidated

FELICIA CLINGAN,

    PLAINTIFF,

v.                                        CASE NO. CV-97-J-436-NW

MUSCLE SHOALS BOARD
OF EDUCATION, SAM BREWER,

    DEFENDANTS.

SAM BREWER,

    THIRD-PARTY PLAINTIFF

v.

MUSCLE SHOALS BOARD
OF EDUCATION,
    CROSS-DEFENDANTS,
and
JIM DOUGLAS, et al.,

    THIRD-PARTY DEFENDANTS.

ENTERED
APR 7 1999

142

## MEMORANDUM OPINION

Pending before the court is the defendant Muscle Shoals School Board's (the "Board") and third-party defendants' motion to alter or amend the judgment (doc. 133) and the plaintiffs' motion to certify order as final and stay further proceedings (doc. 134). The court held a hearing on these motions on March 26, 1999 in Florence, Alabama at which all parties were present by and through counsel. Also appearing at the hearing was the defendant Samuel Brewer. The court also has before it defendant Brewer's response to the Board and third-party defendants' motion (doc. 137).

**I. The Board and Third-Party Defendants' Motion to Alter or Amend the Judgment**

The Board and third-party defendants' motion concerns the remaining claims pending by Brewer as third-party plaintiff against the Board and its members, those being an equal protection claim under 42 U.S.C. §1983 and a state law claim for defamation.[1] These third-party defendants argue that this court was incorrect in denying their motion for summary judgment on a variety of grounds.[2]

---

[1] The federal claims are against the Board and the Board members as individuals, the defamation claim is solely against Superintendent Douglas. Brewer also has a § 1981 claim still pending against the Board. However, as none of the parties addressed that claim in their briefs, the court finds that the merits of that claim are not properly before the court at this time.

[2] As the facts of this case were set out by this court in its Memorandum Opinion of February 24, 1999, the court does not restate the same here.

2

### A. The § 1983 claims against the Board

The Board and third party defendants allege that Brewer has failed to meet his burden of proof on his equal protection claim, stating that Brewer has offered no evidence that the board dismissed him because of his race. However, this court considered this issue in its memorandum opinion issued on February 24, 1999. Because this court found that the evidence, in the light most favorable to defendant Brewer, raises genuine issues of material fact, this court denied the Board and third-party defendant's motion for summary judgment on this issue. This court so holds because of its finding that consideration of the question of whether Brewer was wrongfully terminated requires an assessment of the plaintiffs' credibility as witnesses. Furthermore, this court finds that in the light most favorable to this defendant, the history of discrimination of the Muscle Shoals School Board is best left to be considered on motion for directed verdict. Sufficient evidence to prevent summary judgment has been put forth by Brewer.

In this case, the claims of defendant Brewer against the Board for race discrimination require an assessment of whether plaintiffs' claims of sexual harassment against Brewer are believable. This court finds enough contradictions in the plaintiffs' testimony to raise a serious, factual question as to whether the Board, in good faith, could accept the plaintiffs' testimony over Brewer's. For example, this court finds that the evidence in this case is that one plaintiff did not mention the alleged harassment for six years and the other for one year, although the opportunity presented itself more than once. Similarly, both plaintiffs testified

3

that they did not want to pursue any action against Brewer, yet Superintendent Douglas went that very day and began to gather evidence (and the plaintiffs' subsequently filed a lawsuit in federal court although both declined to file a written statement with the school board). Less than twenty-four hours later, defendant Brewer was placed on administrative leave. This court also notes that Brewer has repeatedly denied these allegations.

### B. Claims Against the Individual Defendants

The Board and third-party defendants argue that qualified immunity protects them from liability as individuals. The Eleventh Circuit has stated that in "all but the most exceptional circumstances, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability for damages. *Harris v. Board of Education of City of Atlanta*, 105 F.3d 591, 595 (11th Cir.1997). As long as the conduct complained of did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, public officials are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800,818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

If the Board members believed their actions to be lawful under the circumstances and in light of clearly established law, then they are entitled to qualified immunity. *Foy v. Holston*, 94 F.3d 1528 (11th Cir.1996). "Unless a government agent's act is so obviously wrong, in light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has

immunity from suit." *Lassiter v. Alabama A & M University, Board of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). *See also Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir.1993)("...to defeat summary judgment, because of a dispute of material fact, a plaintiff facing qualified immunity must produce evidence that would allow a fact-finder to find that no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts."). If case law has not staked out a bright line, qualified immunity almost always protects the defendant. *Lassiter*, 28 F.3d at 115; citing *Post,* 7 F.3d at 1554. However, in the facts currently before this court, no reasonable person could believe that the Board was unaware that they could not base their decision of whether to terminate Brewer on consideration of his race. Numerous bright-lines have been drawn by courts stating that employment actions may not be motivated by race.

This court is cognizant that the subjective intent of the government actor defendant plays no part in qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 641 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). However, in the facts of this case, this court finds that the third-party defendants are only entitled to qualified immunity if some rational basis for finding Brewer guilty of sexual harassment existed. Otherwise, the situation demands a finding that the board and Douglas acted in bad faith and with a discriminatory intent. While at the same time this court notes that this is a wholly separate finding from the issue of Brewer's claims that his rights have been violated, the court is of the opinion that these are matters best resolved on motions for directed verdict, after the plaintiffs have put on evidence

5

of sexual harassment.³ *See Mitchell v. Forsyth*, 472 U.S. 511, 527-529, 105 S.Ct. 2806, 2816-17, 86 L.Ed. 2d 411 (!985). This is such because "Immunity contemplates exemption from liability that would otherwise exist on the merits. *Lassiter*, 28 F.3d at 1151.

Brewer alleges, with evidence to support him, that the superintendent ignored evidence such as numerous other female employees who stated they were never harassed by Brewer, destroyed his notes of his investigation, and ignored the lack of specific dates or times provided by plaintiffs, although Superintendent Douglas agreed that Brewer would need such information to be able to defend himself. If the plaintiffs' testimony could not be found credible, then no rational basis for believing the plaintiffs existed and these occurrences would rise to the level of "knowingly violating the law," therefore eliminating qualified immunity. Further, Brewer pointed out that the Board's own sexual harassment policy was not followed in this occasion, and hence this court is unable to say that the school board members did not have any notice that their actions in terminating Brewer were not unlawful.

Thus, this court finds that the superintendent and board members as individuals are not entitled to qualified immunity. As such, the motion for summary judgment on the claims against them as individuals was correctly denied.⁴

---

³This is a somewhat unique situation in that the individual claiming racial discrimination is one of the defendants for claims of sexual harassment.

⁴This is a wholly different question from whether liability against the Board and its members in their official capacity exists. The court enters no ruling on this question at this time. *See Lassiter*, 28 F.3d at 1149, n. 2.

The Board and third-party defendants having filed a motion to alter or amend the judgment and the court finding that in light of the above considerations that the motion is due to be denied;

It is therefore **ORDERED** by the court that said motion to alter or amend the judgment concerning the equal protection claim stated under 42 U.S.C. § 1983 against the individuals Douglas, Gatry, Bowling, Eady, Smith and Stratford (the superintendent and board members) be and hereby is **DENIED.**

### C. Defendant Brewer's Defamation Claim

Defendant Brewer's defamation claim against Douglas is due to be dismissed. To sustain an action for defamation, Brewer must show that Douglas published a false and defamatory statement concerning Brewer to a third person. *Nipper v. Variety Wholsalers, Inc.*, 638 So.2d 778, 781 (Ala. 1994). Communications to the school board members in the course of transacting school board business do not constitute publication. *Nipper*, 638 So.2d at 781, *Burks v. Pickwick Hotel*, 607 So.2d 187 (Ala.1992). Similarly, this court is unable to find any evidence of malice or bad faith. Brewer has failed in his burden to establish that Douglas ever published a defamatory remark. In consideration thereof, the court is of the opinion that this claim is due to be dismissed.

It is therefore **ORDERED** by the court that Brewer's claim for defamation against Superintendent Douglas be and hereby is **DISMISSED,** the court finding no just reason for delay pursuant to Rule 54(b) F.R.C.P.

## II. Plaintiffs' Motion to Certify Order as Final and to Stay Further Proceedings

The plaintiffs' request this court to certify as final the Order dated February 24, 1999 as to all claims between the plaintiffs and the Board.[5] The court having considered said motion and the court being of the opinion that said motion is due to be granted;

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED**. This court finding no just reason for delay, pursuant to Rule 54(b) Federal Rules of Civil Procedure, the court hereby directs the entry of final judgment in favor of the Board and against the plaintiffs' on all counts of the plaintiffs' complaints.

It is further **ORDERED** that the Order entered September 29, 1998, by the Hon. Sharon Blackburn, ruling in favor of the plaintiffs on Brewer's counterclaims against them, is hereby made a final judgment for purposes of appeal, this court finding no just reason for delay pursuant to Rule 54(b) F.R.C.P. The court directs the entry of judgment on favor of the plaintiffs and against defendant Brewer on his claims against plaintiffs.

It is further **ORDERED** by the court that the remaining triable issues in this case are **STAYED** pending resolution of this case on appeal.

**DONE** and **ORDERED** this the ____7____ day of April, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[5]The court has previously ruled that judgment is entered in favor of the Board and against the plaintiffs on all counts of the plaintiffs' complaints. *See* Order of February 24, 1999.